IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTIN C. WARD,

                               Plaintiff,

      v.                                                   OPINION & ORDER

DR. SAUVEY, JEAN LUTSEY, NURSE UTTOR,              16-cv-290-jdp
NURSE ALSTON, and NURSE LEMONS,

                               Defendants.

---

Plaintiff Quentin C. Ward, a prisoner at the Green Bay Correctional Institution, alleges that prison officials are not giving him his prescribed medication for severe nerve pain in his back and that they failed to treat painful lumps in his scrotum. Several motions are before the court.

**A. Exhaustion**

Ward brings three sets of claims: (1) defendants Jean Lutsey and Dr. Sauvey will not provide him with methadone previously prescribed for his severe nerve pain in his back; (2) defendant nurses Uttor, Alston, and Lemons of the Special Needs Committee will not provide him with this medication; and (3) defendant Sauvey failed to treat painful lumps on his scrotum. Defendants have filed a motion for summary judgment alleging that Ward failed to exhaust his administrative remedies for his claims. Dkt. 24.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's

primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Ward failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants admit that Ward properly exhausted his claim that defendants Lutsey and Sauvey will not give him methadone. But they contend that Ward failed to fully exhaust a 2013 grievance about the Special Needs Committee defendants, and that he never filed a grievance about the treatment of his scrotal lumps.

First, for the Special Needs Committee defendants, the state produces a 2013 grievance by Ward (No. GBCI-2013-16956) in which he mentions that a non-defendant doctor told him that the "committee" denied him methadone, so "there's nothing [the doctor] can do about that." Dkt. 26-2, at 6. The state construes this grievance as one about the committee, although

2

it contains more broad allegations about his overall pain-medication treatment by GBCI medical staff in general. It is undisputed that Ward failed to fully exhaust this grievance. But it is unclear why the failure to exhaust this particular grievance means that Ward did not exhaust *any* grievance about the committee. If their point is that it is the only grievance that mentions the committee by name, that is not a requirement.

To adequately notify prison officials of a particular claim, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). The ICRS rules do not provide strict pleading rules for the substance of grievances; they state only that a grievance must "clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). Where administrative rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong*, 297 F.3d at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650; *Riccardo*, 375 F.3d at 524.

I take Ward's asserted shortcoming here to be that GBCI's medical staff will not provide him with adequate pain treatment for his nerve pain. The state concedes that Ward has exhausted his pain-medication claim against defendants Lutsey and Sauvey, but they do not explain which grievance accomplished that exhaustion, and why that grievance does not also serve to exhaust claims against the nurses on the Special Needs Committee. Without seeing that grievance, and given that inmate grievances unusually need not name individual defendants, it is difficult to see how I can parse the exhaustion of the claims against Lutsey and Sauvey from the claims against the committee nurses.

3

For his part, Ward says that he exhausted the claims against the nurses through grievance no. GBCI-2015-8128, in which he complained that "HSU personnel refused to provide pain management medication" regarding his nerve pain. Dkt. 31-1, at 1–2. That grievance was fully exhausted. In its reply, the state does not address the '8128 grievance at all, instead saying only that Ward failed to exhaust the 2013 grievance. This further confuses things, because the state does not explain whether the '8128 grievance is the one they consider to have exhausted Ward's claims against Lutsey and Sauvey. If it is, they do not grapple with the rule that Ward need not name each defendant in the grievance. If it is not, they do not explain what grievance they consider to have exhausted Ward's claims against Lutsey and Sauvey, and why that grievance does not also exhaust the claims against the nurses. It's the state's burden to provide a lack of exhaustion and they have failed to do so here. So I will deny defendants' motion for summary judgment on the claims against the nurses.

As for Ward's claim about the lack of treatment for his scrotal lumps, defendants say that Ward did not file any grievance about this problem. Ward produces three grievances in his response, but he admits that he failed to exhaust one of them (GBCI-2016-8740, Dkt. 31-2). The other two (the '8128 grievance and no. GBCI-2016-12554, Dkt. 31-3) do not exhaust his claims either.

Ward says these two grievances exhaust his scrotal-lump claim because in those grievances he complained about a lack of pain-management treatment, and the DOC rules do not specifically tell a prisoner that a grievance must detail exactly where his pain is coming from. But, as stated above, the rules do say that a prisoner must "clearly identify the issue" and case law makes clear that the prisoner must "alert[] the prison to the nature of the wrong." The '8128 grievance is clearly geared toward Ward's nerve pain in his neck, arms, and back. At no

4

point in that grievance does he mention his scrotal lumps, nor is there any reasonable inference that those lumps would be related to the nerve pain.

I cannot tell for certain whether the '12554 grievance mentioned Ward's scrotal lumps; Ward provides only the examiner rulings, not the grievance itself, although the rulings suggest that the grievance was also focused on the nerve pain issue. In any case, the '12554 grievance cannot exhaust any of Ward's claims for purposes of this lawsuit because his filing of that grievance postdates the filing of this lawsuit. As stated above, a prisoner cannot "bring" a lawsuit until exhaustion has been accomplished. The Court of Appeals for the Seventh Circuit has held that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). So even if the '12554 grievance mentioned the scrotal lumps, it was filed too late to help him in this lawsuit. Because Ward failed to exhaust this claim against Sauvey, I will dismiss it from this case without prejudice. *Id*. at 401 (dismissal for failure to exhaust is always without prejudice).

**B. Motion to compel discovery**

Ward has filed a motion to compel defendants to provide him with materials documenting his medical care. Dkt. 23. Although he does not explain his concerns with defendants' responses in detail, part of his complaint appears to be that prison officials have told him that he may pay $0.15 for each page of medical records he requests to copy.

Defendants say that Ward failed to take all the steps he needed before filing this motion, including conferring with them before filing the motion and submitting defendants' discovery responses along with his motion so that he can explain why they are deficient. These problems alone might provide a reason to deny the motion and tell Ward to try again. But there is a larger problem: defendants are not required to give him paper copies of his medical

5

records. Under Federal Rule of Civil Procedure 34, they merely need to permit Ward to inspect the records, which they say they have done: they say that Ward may request a records review at any time. I will deny Ward's motion, although he is free to refile a motion to compel if defendants are keeping him from reviewing his records, or if he believes they have failed to comply with the discovery rules in any other way. If Ward does file a new motion, he should explain in detail why he believes that defendants' responses are inadequate.

## C. Remaining schedule

Ward has filed a motion for summary judgment, Dkt. 33, the briefing on which was previously stayed by this court pending resolution of the exhaustion motion. Ward later amended all of his summary judgment filings, *see* Dkt. 43, so I will deny the original motion as moot. Defendants should respond to the amended materials.

The state moved to depose Ward, which the court granted, but the state then filed a motion to stay the schedule pending resolution of the exhaustion motion. Dkt. 46. Ward opposes the motion to depose him and the motion to stay the schedule, contending that the exhaustion motion was frivolous and made in an attempt to delay his deposition, other discovery, and resolution of the case in general. I take him to be asking for a ruling forbidding defendants from deposing him because they did not follow through with their original proposed date before seeking to stay the schedule. Although I conclude above that defendants' exhaustion motion should not be granted in its entirety, that motion is certainly not frivolous, and there is no reason for Ward to object to a delay in holding his deposition. I will grant defendants' motion to stay the schedule and deny Ward's motion to forbid the taking of his deposition.

Now that the exhaustion motion has been resolved, I can set a new briefing schedule for Ward's amended motion for summary judgment: defendants may have until April 23, 2018, to file a response, and Ward may have until May 7, 2018, to file a reply.

Should defendants choose to file their own substantive motion for summary judgment, they may have until April 23, 2018 to do so. They are free to combine their brief in response to Ward's motion with their own brief-in-chief.

**D. Library time**

Ward has filed a motion asking the court directing the prison librarian to issue him daily "deadline passes" until this case has concluded. The court will entertain the possibility of intervening in prison library matters only in extremely rare circumstances in which the record shows that prison staff was actively blocking a prisoner's ability to litigate his case. Ward does not make that showing here. He states that there was some confusion over library access near his deadline for responding to the exhaustion motion, but he was able to file a well-prepared response in advance of his deadline. He worries that he will not be able to access the library daily without a court order explaining that there is a pending deadline, but it is not the court's role to instruct prison officials that a prisoner must have *daily* library time. I will deny Ward's motion; if Ward files a similar motion later in the case, he will have to show how prison officials are blocking him from litigating his claims.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Quentin C. Ward's failure to exhaust his administrative remedies, Dkt. 20, is GRANTED in part: plaintiff's claim against defendant Dr. Sauvey for failing to treat Ward's scrotal lumps is DISMISSED without prejudice.

2. Plaintiff's motion to compel discovery, Dkt. 23, is DENIED.

3. Defendants' motion to stay the schedule, Dkt. 46, is GRANTED.

4. Plaintiff's motion objecting to the stay of his deposition, Dkt. 48, is DENIED.

5. Plaintiff's motion for summary judgment, Dkt. 33, is DENIED as moot because it has been superseded by an amended motion.

6. Plaintiff's motion for an injunction regarding law library time, Dkt. 42, is DENIED.

7. The schedule is amended as detailed in the opinion above.

Entered March 19, 2018.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge